UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CIVIL DIVISION

ESURANCE PROPERTY AND
CASUALTY INSURANCE COMPANY,

      Plaintiff,

Case No. CaseNumber

vs.

JASON CARLETTI and WILLIAM HARRISON

      Defendants
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Esurance Property And Casualty Insurance Company ("Esurance") by and through the undersigned counsel, files its complaint for declaratory judgment against Defendants Jason Carletti ("Carletti") and William Harrison ("Harrison") (collectively "Defendants"), and states:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action for declaratory relief under 28 U.S.C. §§ 2201 and 2202.

2. At all times material hereto, Plaintiff, Esurance, is and was a corporation incorporated in Wisconsin with its principal place of business in Illinois. Therefore, Esurance is a citizen of Wisconsin and Illinois.

3. At all times material hereto, Defendant Carletti's domicile—the place of his true, fixed, and permanent home and principle establishments, and to which he has the intention of returning whenever he is absent— is and was Hillsborough County, Florida. Therefore, Carletti is a citizen of Florida.

4. At all times material hereto, Defendant Harrison's domicile—the place of his true, fixed, and permanent home and principle establishments, and to which he has the intention of returning whenever he is absent— is and was Hillsborough County, Florida.  Therefore, Harrison is a citizen of Florida.

5. Because Esurance is a citizen of Wisconsin and Illinois, Defendants are citizens of Florida, and Defendants are not citizens of Wisconsin or Illinois, the parties' citizenship is diverse.

6. The amount in controversy exceeds this Court's minimum jurisdictional amount of $75,000.00, exclusive of interest, costs, and attorneys' fees. As discussed more fully below, Carletti seeks to recover an amount that far exceeds the jurisdictional minimum.

7. The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) based on the diversity of the citizenship of the parties and pursuant to 28 U.S.C. § 1331 based on provisions of the Federal Declaratory Judgment Act to declare the rights and obligations of the parties under the subject insurance policy.

8. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) because the present claim for declaratory relief arose in this District. Additionally, the underlying action for damages that gives rise to this dispute is pending in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, which is located within this District.

9. All conditions precedent to the filing of this action have occurred and/or have been complied with, or otherwise have been excused and/or waived.

Case No. CaseNumber

## **FACTUAL ALLEGATIONS**

10. At all times material to this action, Harrison was a named insured under an automobile insurance policy issued by Esurance (policy number PAFL-007848132) with effective dates of October 8, 2018 to April 8, 2019 (the "Policy"). A copy of the Policy is attached as Exhibit "1."

11. The Policy provided bodily injury liability coverage with limits of $10,000 per person and $20,000 per accident.

12. On January 22, 2019, Carletti and Harrison were involved in an automobile accident in Hillsborough County, Florida (the "Accident").

13. At the time of the Accident, Carletti was operating a 2013 Ford F150 pickup truck with a trailer attached.

14. Harrison was operating a 2000 Ford F150 pickup truck at the time of the Accident.

15. Harrison's vehicle rear-ended Carletti's trailer.

16. According to the police report, neither driver complained of injuries at the scene. A copy of the police report is attached as Exhibit "2."

17. On the day following the Accident, January 23, 2019, Carletti's attorney's office, the Law Offices of George Hunter, P.A., reported the Accident to Esurance.

18. On that same day, Carletti's attorney, George Hunter, Esq., sent a request for disclosure of insurance information to Esurance. A copy of the insurance disclosure request letter is attached as Exhibit "3."

19. Upon learning of the Accident, Esurance promptly and reasonably undertook a thorough investigation of the relevant facts, including—without limitation—attempting to determine the nature and extent of any injuries, evaluating coverage, and obtaining further information as to the nature, cause, and extent of the Accident.

20. For example, on January 24, 2019, Esurance requested information about the Accident and any injuries from Harrison.

21. On February 14, 2019, Esurance received a call from an individual associated with a child support enforcement agency inquiring as to whether Carletti had submitted a claim to Esurance. Esurance provided that individual with Carletti's attorney's contact information.

22. Within minutes after speaking with the foregoing individual, Esurance contacted Mr. Hunter's office. Specifically, Esurance advised that it received a call from a child support enforcement agency in regards to this claim and that Mr. Hunter's contact information was provided. Mr. Hunter's office advised that Carletti was still treating, but that was all of the information that Carletti's attorney's office would provide.

23. Esurance timely complied with the insurance disclosure request by providing the requisite information and documents to Carletti's attorney on February 8, 2019.

24. On or about February 25, 2019, Esurance received a copy of a notice of a child support lien filed in Perry County, Ohio (the "Notice of Child Support Lien"). A copy of the Notice of Child Support Lien is attached as Exhibit "4."

25. According to the Notice of Child Support Lien, Carletti "may be due a lump sum payment from Esurance Property & Casualty Insurance Company in the amount of One Hundred Fifty Dollars ($150.00) or more" and that Carletti "currently owes an arrearage for his child support obligation in the amount of Forty One Thousand Two Hundred Eight Dollars and Fifteen Cents ($41,208.15) as of February 20, 2019." (Ex. 4).

26. The Notice of Child Support Lien further stated, "[t]he Perry County C.S.E.A. is requesting that a withholding be sent for the lump sum payment to be applied to the arrears." (Ex. 4).

27. A copy of the Notice of Child Support Lien was sent to Carletti. (Ex. 4). Esurance also sent a copy of the Notice of Child Support Lien to Carletti's attorney's office on February 27, 2019.

28. On March 20, 2019, Esurance contacted Mr. Hunter's office requesting information as to Carletti's injuries. Again, Carletti's attorney's office advised that he was still treating, but refused to provide any other information.

29. Esurance, again, followed-up with Carletti's attorney's office as to Carletti's injuries on May 6, 2019. Mr. Hunter's office advised that Carletti had completed treatment and that they were in the process of putting together a demand.

30. On May 10, 2019, Carletti, via his attorney, Mr. Hunter, sent a demand to Esurance (the "Demand"). A copy of the Demand is attached as Exhibit "5."

31. The Demand stated that Carletti "authorized our firm to present Esurance with a one-time good faith opportunity to protect Mr. William Harrison by offering to settle his claim, for the BI liability Policy limit of $10,000" with two "essential terms and conditions." (Ex. 4 at 3).

32. First, Esurance was required to tender a check "in the amount of $10,000 made payable to 'George Hunter, P.A. – Trust Account f/b/o Jason Carletti" such that the check would be "received by this office within fifteen (15) days from the date of this letter." (Ex. 5 at 3).

33. Second, Harrison was required to "execute and deliver an Affidavit [sic] certifying whether there [was] any other liability insurance, excess liability insurance or personal liability umbrella insurance coverage available to cover" Carletti's claim. (Ex. 5 at 4).

34. Esurance advised Harrison of the Demand via a call to his friend who advised that Harrison is homeless. Esurance informed Harrison's friend of the importance of the requested affidavit and the friend advised that Esurance could send papers to her home. Esurance also sent a copy of the Demand and the requested affidavit to Harrison via e-mail.

35. On May 15, 2019, Harrison responded that he would print the affidavit and have it notarized.

36. On May 17, 2019, Esurance followed-up with Harrison regarding the status of the affidavit.

37. On May 20, 2019, Harrison responded to Esurance advising that the affidavit was completed, but he had no way to fax it, so he would mail it to Esurance.

38. On May 21, 2019, Esurance called Mr. Hunter's office advising that Esurance would be tendering the $10,000 bodily injury limits. Esurance further informed Mr. Hunter's office that Esurance had not received the affidavit from Harrison, but it had been mailed to Esurance. Additionally, Esurance stated that Harrison did not have access to a fax machine, but Esurance would send the affidavit to Mr. Hunter's office upon receipt. Mr. Hunter's office informed Esurance that it would inform Esurance of any issues.

39. On that same date, Esurance followed-up with Harrison requesting confirmation that the affidavit had been mailed.

40. Later that day, Esurance spoke with Mr. Hunter. Esurance told Mr. Hunter that Esurance required verification that he will be handling the child support lien. Mr. Hunter advised that he was unfamiliar with that process and that he would need to check with Carletti. Mr. Hunter requested that Esurance advise whether Esurance would still issue the check due to the child support lien, and if not, requested Esurance provide a letter in writing to that effect.

41. On May 23, 2019, Esurance called Mr. Hunter. Esurance told him that Esurance was required to address the child support lien. As such, while Esurance

desired to tender the check, Esurance needed Mr. Hunter to agree to resolve the asserted child support lien. Mr. Hunter told Esurance that he would discuss this with Carletti and respond to Esurance.

42. On that same day, Esurance sent a letter to Mr. Hunter via e-mail. This letter stated that Esurance "agreed to settle the injury claim for your client, Jason Carletti, for $10,000.00," but that Esurance was "not able to release the settlement check until you have confirmed that you will be handling the child support lien that has been asserted against Mr. Carletti." Finally, this letter concluded by asking Mr. Hunter to inform Esurance whether Mr. Hunter would be handling the child support lien "so that we can resolve this claim." A copy of the May 23, 2019 letter is attached as Exhibit "6."

43. On May 24, 2019, Esurance confirmed with Harrison that the affidavit had been mailed, though Esurance had not received the same.

44. Esurance received the executed affidavit on May 30, 2019. Esurance sent a copy of the same to Mr. Hunter's office on that same day.

45. On May 30, 2019, Esurance left a voicemail for Mr. Hunter requesting a call back to discuss the child support lien. Esurance again left a voicemail for Mr. Hunter on June 11, 2019.

46. Unbeknownst to Esurance, Carletti filed a lawsuit against Harrison in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida (case number 19-CA-006113) (the "Underlying Lawsuit") on June 11, 2019. A copy of the initial underlying complaint is attached as Exhibit "7."

47. On June 25, 2019, Esurance called Mr. Hunter's office who advised that the claim was in suit and that Esurance would need to contact Carletti's new attorney, Mr. Felipe Fulgencio.

48. On that same day, Esurance called Mr. Fulgencio who confirmed that he was handling the case. Mr. Fulgencio was not sure if the initial underlying complaint had been served on Harrison.

49. Later on June 25, 2019, Mr. Fulgencio submitted a demand to Esurance in the amount of $80,000 with a seven-day deadline to accept it.

50. Esurance advised Mr. Fulgencio about the child support lien. Mr. Fulgencio stated that Esurance had no obligation to respond to this lien, and that he was unwilling to accept the tender, then address the lien on behalf of Carletti because he had no obligation to do so.

51. Esurance responded that it was willing to tender the full limits of the Policy made payable to Carletti and the Perry County Child Support Enforcement Agency. Mr. Fulgencio refused that option.

52. Aside from the Demand, Carletti never made an offer within or at the Policy's bodily injury limits to resolve his claim.

53. Esurance appointed defense counsel who represented Harrison for the entirety of the Underlying Lawsuit.

54. On November 13, 2019, Carletti filed an amended complaint in the Underlying Lawsuit. A copy of the amended complaint is attached as Exhibit "8."

55. On August 15, 2022, Carletti served a proposal for settlement in the amount of $495,000 on Harrison. A copy of the proposal for settlement is attached as Exhibit "9."

56. Harrison instructed his attorneys to accept the foregoing proposal for settlement and Harrison did so accept the proposal for settlement. A copy of Harrison's acceptance is attached as Exhibit "10."

57. Now, Carletti is attempting to collect the $495,000 from Esurance.

58. On September 23, 2022, Carletti moved for entry of final judgment in the amount of $495,000 and to add Esurance as a party to the Underlying lawsuit. A copy of the foregoing motion is attached as Exhibit "11."

59. Esurance and Defendants dispute whether Esurance is responsible for the entire amount of the underlying judgment.

**COUNT I – DECLARATORY RELIEF AGAINST ALL DEFENDANTS**

60. Esurance incorporates paragraphs 1-59 as if fully stated herein.

61. Esurance seeks a declaration that Esurance properly and fully discharged its obligations of good faith in the handling of the subject claim for benefits; additionally, Esurance seeks a declaration that it is without liability to the Defendants for any amount in excess of the applicable policy limits.

62. As part of Esurance's prompt investigation and good faith handling, it performed tasks which included, but were not limited to: obtaining recorded a statement from Harrison; obtaining the police report of the Accident; continuously communicating with Harrison and advising him of the circumstances surrounding

the claims against him; continuously communicating with Carletti and/or his attorneys regarding his treatment status and injuries in connection with the Accident; complying with Carletti's counsel's insurance disclosure request; providing timely responses to any and all settlement demands; providing reasonable settlement offers; retaining defense counsel to defend Harrison in the Underlying Lawsuit; and agreeing to tender the Policy's limits on behalf of Harrison without skirting the requirements associated with the Notice of Child Support Lien.

63. There is a bona fide, present, and practical need for the declaration.

64. The declaration pertains to a present, ascertainable set of facts and controversy among the parties.

65. Esurance's rights and obligations in connection with the Policy are dependent upon the present, ascertainable facts and law, as well as the Court's application thereof to the Policy and such facts.

66. Defendants have a present, antagonistic interest to Esurance under the Policy and subject matters of this action.

67. The relief sought by Esurance is not merely for the purpose of obtaining an advisory opinion from the Court or the answers to questions propounded out of curiosity.

**WHEREFORE,** Esurance Property And Casualty Insurance Company respectfully requests this Court:

1. Take jurisdiction and adjudicate the rights of the Parties;

1046481\311569479.v1

2.  Declare that Esurance properly discharged its obligations of good faith in the evaluation and handling of Jason Carletti's claim against William Harrison;

3.  Declare that Esurance is without liability to any Defendant for any amount in excess of the applicable bodily injury liability limits;

4.  Declare that all Defendants take nothing by this action;

5.  Award costs in Esurance's favor; and

6.  All further relief as this Court deems just and appropriate.

Date: September 27, 2022

Respectfully Submitted,

s/ Rory Eric Jurman
Rory Eric Jurman
Florida Bar No.: 194646
E-mail: rjurman@hinshawlaw.com
Peter J. Lewis
Florida Bar No.: 118316
E-mail: plewis@hinshawlaw.com
HINSHAW & CULBERTSON LLP
One East Broward Boulevard
Suite 1010
Ft. Lauderdale, FL 33301
Telephone: 954-467-7900
Facsimile: 954-467-1024
Secondary: plewis@hinshawlaw.com
Attorney for Esurance Insurance Company